IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| WILLIAM G. JENKINS, JR. AS RECEIVER FOR WILLIAM BYRD CUSTOM HOME BUILDERS, INC., | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No.: 9:18-cv-466<br><br>**ORDER AND OPINION** |
| Plaintiff, | | |
| v. | | |
| BUILDERS INSURANCE GROUP, ASSOCIATION INSURANCE GROUP, and AMERICAN BUILDERS INSURANCE, | | |
| Defendants. | | |

This matter is before the Court on a Motion to Set Aside Default filed by American Builders Insurance Company ("ABIC"). (Dkt. No. 5.) No party as filed a response to the Motion, and the deadline to respond has passed. For the reasons set forth below, ABIC's Motion to Set Aside Default (Dkt. No. 5) is granted.

### I. Background and Relevant Facts

This is an insurance coverage dispute arising out of a construction project completed by William Byrd Custom Homebuilders ("Byrd"). Plaintiff Jenkins was appointed receiver for Byrd in 2012. Jenkins filed the underlying action against ABIC and other Defendants in December 2012. Due to an array of issues and mishaps described in ABIC's Memorandum in Support of its Motion to Set Aside Default Judgment, the Circuit Court issued an entry of default against ABIC in the underlying action. (Dkt. No. 5-1 at 2-4.) ABIC learned of the Circuit Court's entry of default on February 14, 2018 and within one week filed a notice of removal to this Court and the Motion to Set Aside Default that is now under consideration. (Dkt. Nos. 1, 5.)

-1-

## II. Legal Standard

As an initial matter, "it is well established that a federal district court has jurisdiction to consider a motion for relief from an order of default entered in state court." *Hawes v. Cart Prod., Inc.*, 386 F.Supp.2d 681, 689 (D.S.C. 2005). A federal court has the power to set aside a default entered in state court in three situations: (1) "when a state court lacked jurisdiction to make an entry of default;" (2) "when a state court could have vacated its own default judgment;" and (3) "when a federal court could have vacated the entry of default." *Id.*

Under Rule 55(c) of the Federal Rules of Civil Procedure, the court may set aside an entry of default for good cause. The Fourth Circuit has instructed that "relief from a[n entry of default] should be granted where the defaulting party acts with reasonable diligence in seeking to set aside the default and tenders a meritorious defense." *United States v. Moradi*, 673 F.2d 725, 727 (4th Cir.1982). "[A]ll that is necessary to establish the existence of a 'meritorious defense' is a presentation or proffer of evidence, which if believed, would permit either the Court or the jury to find for the defaulting party." *Id.* However, the court must also consider "the personal responsibility of the party, the prejudice to the party, whether there is a history of dilatory action, and the availability of sanctions less drastic." *Lolatchy v. Arthur Murray, Inc.*, 816 F.2d 951, 953 (4th Cir. 1987). "All of these factors should be applied more leniently when the action is one under Rule 55 as opposed to one under Rule 60, and the court should always keep an eye toward the preference for meritorious resolutions of disputes." *Colleton Preparatory Acad., Inc. v. Beazer East, Inc.*, 223 F.R.D. 401, 406 (D.S.C. 2004).

## III. Discussion

ABIC claims that it filed the instant motion within one week of learning of the entry of default against it (Dkt. No. 5-1 at 7), so ABIC acted with reasonable diligence in seeking to set aside the default. ABIC has established the existence of a meritorious defense as it has filed an answer and counterclaim asserting that the insurance policies at issue exclude coverage for the underlying actions and that the insurance policies did not begin to provide coverage until after completion of the underlying project. (*Id.* at 8.) Plaintiff has not filed a response to ABIC's Motion to Set Aside Default, so the Court is not aware of any prejudice that will result from setting aside the entry of default against ABIC. Additionally, no party has alleged that ABIC has a history of dilatory conduct. Finally, although the Court should also consider the availability of less drastic sanctions, the Court finds that setting aside the entry of default against ABIC in this case is necessary to meet the ends of justice and not a drastic sanction under the circumstances.

## IV. Conclusion

For the reasons set forth above, American Builders Insurance Company's Motion to Set Aside Default (Dkt. No. 5) is GRANTED.

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Court Judge

March  12  , 2018
Charleston, South Carolina